FOX et al. v. BAINBRIDGE et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

1. MORTGAGES (§ 270*)—FORECLOSURE—OWNERSHIP—EVIDENCE.
    A plaintiff suing to foreclose a mortgage securing a bond must prove ownership of the bond and mortgage.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 270.*]

2. MORTGAGES (§ 270*)—FORECLOSURE—OWNERSHIP—EVIDENCE.
    Evidence *held* to support a finding that a plaintiff suing to foreclose a mortgage securing a bond was not the owner of the bond and mortgage by reason of an absolute assignment thereof to a third person and no reassignment.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 270.*]

    Carr and Woodward, JJ., dissenting.

On reargument. Former judgment affirmed.

For former opinion, see 133 N. Y. Supp. 1121. See, also, 136 N. Y. Supp. 1135.

Argued before JENKS, P. J., and HIRSCHBERG, CARR, WOODWARD, and RICH, JJ.

Charles Goldzier, of New York City, for appellants.
D. B. Wilmot, for respondent.

RICH, J. [1] The plaintiffs appeal from a judgment dismissing their complaint in an action of foreclosure. It was incumbent upon them to establish, among other things, ownership of the bond and mortgage before they were entitled to recover.

[2] They both testified to ownership, and introduced the bond and mortgage in evidence, upon the trial. Upon the cross-examination of Mrs. Fox it appeared that in March, 1909, the plaintiffs united in an absolute assignment of the bond and mortgage to one David Schwartz. This unrecorded assignment was, upon the demand of counsel for respondent, produced by the plaintiffs and put in evidence by the respondent. It appeared, without contradiction, that the bond and mortgage had never been reassigned; that immediately following the date of the assignment Schwartz notified Mrs. Beeckman, one of the mortgagors, now dead, in writing that he owned the mortgage, extended payment for one year and directed payment of the interest thereafter as it became due to him. The assignment is dated March 17, 1909. On that day Mrs. Beeckman executed an instrument stating the amount unpaid upon the bond and mortgage, and that there were no defenses or set-offs thereto, which undoubtedly preceded the assignment to Schwartz, and was executed for his benefit and protection. On September 20, 1909, the interest was paid to Schwartz, and he receipted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for it. The interest due the following March was paid to Henry Fox, husband of the plaintiff Bertha Fox, and he receipted for it for Schwartz. Thereafter the interest seems to have been paid to Fox, who receipted for it in his own name. On March 24, 1910, the German American Insurance Company, following Mrs. Beeckman's decease, indorsed by direction of Fox upon a policy of insurance procured by respondent upon the buildings upon the mortgaged premises the following:

"This company hereby recognizes the transfer of title of the herein described property to estate of Maria Louise Beeckman, loss if any to the extent of $1,000 payable to David Schwartz as mortgagee, subject to mortgagee clause attached."

This was only nine months before the commencement of this action, and no testimony was given of any notice thereafter to the company of any change in Schwartz's ownership of the mortgage or right to payment in the event of loss by fire of the insured buildings. The plaintiffs admit that Mrs. Fox procured some money from Schwartz. She testifies that she borrowed it, and gave the assignment as collateral security for the loan. Her husband testifies that the mortgage was sold to Schwartz, and he advanced some money towards its purchase; that in the expectation that he would do as he agreed the assignment was executed but not delivered; that Schwartz was unable to raise the amount of money required to take the mortgage, and later Mrs. Fox repaid the borrowed money and the transaction was closed; that Schwartz never owned the bond and mortgage, because of his failure to pay for it, and that upon the subsequent repayment to him all his rights were extinguished; that the assignment never became operative, and the ownership never passed from the plaintiffs. Fox testified: "Mr. Schwartz did not pay all of the thousand dollars to the plaintiffs, and the assignment was therefore returned to the plaintiffs." This language would seem to indicate a delivery of the assignment to Schwartz, and of its subsequent return to plaintiffs, and this presumption is strengthened by the fact that more than a year after the assignment was executed Fox, who seems to have acted for the owner of the mortgage in receiving the interest as it matured, procured the indorsement to be made upon the insurance policy.

I think there is sufficient evidence in this case to sustain the conclusion of the learned trial judge that the plaintiffs had failed to establish ownership, and that for that reason the defendant's motion to dismiss was properly granted.

There is another peculiar circumstance connected with the trial of this action. When the assignment was executed, Schwartz lived in Brooklyn, and there is no evidence showing any change in his residence. The answer alleges that plaintiffs are not the owners of the bond and mortgage. The trial was commenced on July 7, 1911. On that day the facts connected with the assignment were disclosed and the assignment produced and put in evidence. In the afternoon the trial was adjourned to July 14th following. This gave a full week after the attention of the plaintiffs had been specifically directed to

what would be claimed from the assignment, in which to procure the attendance of Schwartz. He was not produced.

I think the judgment should be affirmed, with costs.

JENKS, P. J., and HIRSCHBERG, J., concur. CARR and WOODWARD, JJ., dissent.